UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABB INC., *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. H-09-CV-2394 |
| | § | |
| COOPER INDUSTRIES, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Pending before the Court is the defendants', Cooper Industries, LLC and Cooper Power Systems, Inc. (collectively, "Cooper") motion to dismiss for lack of subject matter jurisdiction (Docket Entry No. 7). The plaintiffs, ABB Holdings Inc. and ABB Inc. (collectively, "ABB"), have filed a response in opposition to the motion (Docket Entry No. 9) and Cooper has filed a reply (Docket Entry No. 10). After having carefully considered the parties' submissions, the record and applicable authorities, the Court determines that Cooper's motion to dismiss for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), should be GRANTED.

### II. FACTUAL BACKGROUND

In July of 2003, Cooper filed a lawsuit in the Eastern District of Wisconsin, styled *Cooper Industries LLC v. Asea Brown Boveri Inc. et al.*, and identified as Case No. 2:03-cv-00723-LA, alleging, *inter alia*, that ABB and its affiliate's manufacture, use and sale of BIOTEMP infringed certain of Cooper's patents.[1] On October 7, 2005, Cooper and ABB resolved that litigation pursuant to a Settlement and License Agreement, wherein Cooper granted

---

[1] The Cooper Patents include United States Patent Nos. 6,037,537, 6,148,459, 6,352,655, 6,398,986, 6,613,250 and 6,905,638 (the "Cooper Patents").

ABB a "non-exclusive, personal, non-transferable, worldwide license under the Cooper Patents to make, have made, use, have used, offer to sell, have offered to sell, sell, have sold, import, have imported, export or have exported BIOTEMP and electrical equipment containing BIOTEMP."  ABB has since continued to market and sell BIOTEMP, and has now outsourced its manufacture of BIOTEMP to a chemical manufacturer, namely Dow Chemicals ("Dow").

Subsequently, on or about June 12, 2009, Cooper wrote to ABB and Dow and advised them of its opinion that "any attempt by ABB to outsource the manufacture of BIOTEMP to any entity other than an ABB Related Company" would be a material breach of the Settlement and License Agreement.  In support of its position, Cooper cited to § § 2.3.1(e), 2.3.3 and 2.3.5 of the Settlement and License Agreement.  (*See* Docket Entry No. 1, Exs. A & B.)  Cooper also informed them of its intent to act vigorously to protect its rights should ABB continue to have BIOTEMP manufactured by an unaffiliated third party, such as Dow.  *Id.*

On July 29, 2009, ABB filed its "Complaint for Declaratory Judgment of Patent Rights" seeking a declaration from this Court that its "continued activities, as well as those of the chemical manufacturer" are authorized under the Settlement and License Agreement and further alleging a claim for breach of the Settlement and License Agreement against Cooper.  (*See* Docket Entry No. 1.)  On November 16, 2009, ABB amended its complaint to seek declarations of non-infringement of various Cooper Patents, in addition to its previously alleged claims.  (*See* Docket Entry No. 8.)

On September 8, 2009, Cooper filed its own declaratory judgment action in the 334th Judicial District Court of Harris County, Texas, identified as Cause No. 2009-57573 (the "state dec. action"), seeking a declaration that its license to ABB did not include the right of any third-party to manufacture  BIOTEMP.  On October 30, 2009, ABB filed a Notice of Removal,

removing the state declaratory judgment action to this Court, alleging that Cooper's original petition sought redress for patent infringement, which is within the original and exclusive jurisdiction of the United States district courts. That case was assigned to the Honorable Judge Gray Miller as Civil Action No. 4:09-cv-3534.[2]

Cooper now moves to dismiss the instant action for lack of subject matter jurisdiction.[3]

## III.  CONTENTIONS OF THE PARTIES

### A.  Cooper's Contentions

Cooper contends that this case should be dismissed because the Court lacks subject matter jurisdiction over ABB's claims. It argues that subject matter jurisdiction is lacking in this case because complete diversity of citizenship is non-existent between the parties and ABB's complaint fails to raise a federal question. It avers that ABB's complaint seeks nothing more than a judgment from this Court construing a contract between two non-diverse corporations that includes a provision granting a limited patent license to one of those corporations. Cooper contends that the construction of such a contract, or breach thereof, is governed by state law and does not raise a federal question. Accordingly, Cooper asserts that this case must be dismissed because subject matter jurisdiction is lacking.

### B.  ABB's Contentions

In opposition to Cooper's motion to dismiss, ABB contends that Cooper has wrongly accused it and its supplier of patent infringement and that the present action seeks to establish its

---

[2] On January 15, 2010, Cooper filed a notice with this Court informing it that on January 14, 2010, Judge Miller entered an Order remanding the state declaratory judgment action to the 334th Judicial District Court of Harris County, Texas for lack of subject matter jurisdiction. (*See* Docket Entry No. 11).

[3] ABB alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § § 1331 (federal question) and 1338(a) (patents). The parties do not dispute that diversity jurisdiction is non-existent in this case. (*See* Docket Entry Nos. 1, 8).

non-infringement of Cooper's patents and is thus, within the subject matter jurisdiction of this Court. It further contends that Cooper's argument is meritless in that it applies the wrong legal test for determining whether subject matter jurisdiction exists in this case. Thus, it contends that Cooper's motion to dismiss should be denied.

## IV. LEGAL STANDARD FOR RULE 12(b)(1)

A motion to dismiss filed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court "before any other challenge because the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted). Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See, e.g., Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Therefore, the party seeking to invoke the jurisdiction of a federal court carries the burden of proving its existence. *Stockman*, 138 F.3d at 151; *Cross Timbers Concerned Citizens v. Saginaw,* 991 F. Supp. 563, 566 (N.D. Tex. 1997).

Particularly, with regard to federal question jurisdiction, "[a] federal court only has original . . . jurisdiction if the federal question appears on the face of the plaintiff's well-pleaded complaint." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (citing *e.g., Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S. Ct. 2841, 2846 - 47, 77 L. Ed.2d 420 (1983)). "[U]nder section 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law." *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citing *Franchise Tax Bd.*, 463 U.S. at 12, 103 S. Ct. at 2848). A defense that raises a federal question, however, is

insufficient to confer federal question jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S. Ct. 3229, 3232, 92 L.Ed.2d 650 (1986) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908)). Moreover, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813, 106 S. Ct. at 3234 (internal citations omitted). Rather, the test turns on whether "[the] state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*., 545 U.S. 308, 314, 125 S. Ct. 2363, 2368, 162 L. Ed.2d 257 (2005).

In ruling on a motion to dismiss for lack of subject matter jurisdiction, "a district court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc.*, *Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In making its ruling, the district court may rely on any of the following: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

The standard for reviewing a motion to dismiss pursuant to 12(b)(1), however, hinges on whether the defendant has made a "facial" or "factual" jurisdictional attack on the plaintiff's complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A defendant makes a "facial" jurisdictional attack on a plaintiff's complaint by merely filing a motion under Rule 12(b)(1). *Id.* In this instance, the court is merely required to assess the sufficiency of the

allegations contained in the plaintiff's complaint, which are presumed to be true. *Id.* A "factual" attack, however, is made by providing affidavits, testimony and other evidentiary materials challenging the court's jurisdiction. *Id.* When a "factual" jurisdictional attack has been made by a defendant, the plaintiff is required to submit facts in support of the court's jurisdiction and bears the burden of proving by a preponderance of the evidence that the court, in fact, has subject matter jurisdiction. *Id.*

## V. ANALYSIS AND DISCUSSION

In this case, ABB's claims for declaratory judgment concerning its rights under the parties' Settlement and License Agreement do not center on the construction of any federal law--as the parties do not dispute that BIOTEMP, a biodegradable dielectric insulating fluid developed by ABB, is covered by the Cooper Patents.[4] Rather, the resolution of this case is entirely dependent on the application and interpretation of the parties' Settlement and License Agreement dated October 7, 2005, since ABB's right to "a non-exclusive, personal, non-transferable worldwide license under the Cooper Patents to make, have made, use, have used, offer to sell, have offered to sell, [or] sell" BIOTEMP is derived from and dependent on the existence of the parties' Settlement and License Agreement. The fact that ABB has amended its complaint to seek declarations of "non-infringement" of certain of the Cooper Patents is of no moment and does not alter this Court's conclusion because the issues raised by ABB's complaint sound entirely in contract and hinge exclusively on the interpretation and construction of the terms of the Settlement and License Agreement--matters governed entirely by state law. *See*, *e.g.*, *Beghin-Say Intern., Inc. v. Ole-Bendt Rasmussen*, 733 F.2d 1568, 1570 - 71 (Fed. Cir. 1984). "No question under the patent laws (e.g., patent validity, patent infringement, fraud upon

---

[4] ABB expressly agreed to this fact in the Settlement and License Agreement. (*See* Docket Entry No. 7, Ex. 1, ¶ 2.13.1)

the PTO, patent-antitrust) is present in or arises out of the allegations in [ABB's] complaint." *Id.*; *see also Milprint, Inc. v. Curwood, Inc.*, 562 F.2d 418, 422 (7th Cir. 1977) ("where diversity is lacking, a patent licensee's declaratory complaint which asserts patent invalidity simply to avoid the obligations of the license does not state a claim arising under the patent laws within the meaning of 28 U.S.C. § 1338(a).").

Further, the United States Supreme Court has long recognized that, "a suggestion of one party that the other will or may set up a claim under the Constitution or laws of the United States does not make the suit one arising under that Constitution or those laws." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672, 70 S. Ct. 876, 879, 94 L. Ed. 1194 (1950) (citing *State of Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 464, 14 S. Ct. 654, 657, 38 L. Ed. 511)). Thus, since ABB's "Complaint for Declaratory Judgment of Patent Rights" presents no federal question for this Court to consider and only entails a determination of the parties' rights under the Settlement and License Agreement dated October 7, 2005, this case must be dismissed for lack of subject matter jurisdiction.

## VI. CONCLUSION

Because the only issue before this Court concerns a determination of ABB's rights under the Settlement and License Agreement--whether Cooper's license to it permits it to outsource its manufacture of BIOTEMP to a third party--there is no federal question for this Court to decide. Accordingly, this Court lacks subject matter jurisdiction over ABB's claims and dismissal is mandated pursuant to FED. R. CIV. P. 12(b)(1).

SIGNED at Houston, Texas this 26th day of January, 2010.

_____
Kenneth M. Hoyt
United States District Judge